Opinion by KEEFE, J. At the trial of this case a quantative and qualitative analysis of the merchandise was ordered by the court upon motion of counsel, which report disclosed that it is peat compressed into a briquette. In view of the evidence the court was unable to find anything sufficient to overcome the presumption of correctness attaching to the action of the collector. The protests were therefore overruled.

**No. 46366.**—Protests 24752–K, etc., of J. F. Starkey & Co. (Philadelphia).

Opinion by KEEFE, J. In accordance with stipulation of counsel that the merchandise is amorphous graphite or plumbago the same as that the subject of *Starkey* v. *United States* (6 Cust. Ct. 118, C. D. 444) the protests were sustained.

**No. 46367.**—Protest 36995–K of Sprouse-Reitz Co. (Los Angeles).

Opinion by KEEFE, J. At the trial it was agreed that an analysis be made of the sample. The chemist reported that "The faces are composed wholly of earthy or mineral substances, not plaster of Paris." From an examination of the evidence the court was unable to find anything sufficient to overcome the presumption of correctness attaching to the collector's action. The protest was therefore overruled.

**No. 46368.**—Protest 969663–G of Universal Carloading & Distrbg. Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question. The protest was sustained accordingly.

**No. 46369.**—Protest 990268–G of A. E. Chew (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question. The protest was sustained accordingly.

**No. 46370.**—Protest 974538–G of L. Bocci & Sons (San Francisco).

Opinion by KEEFE, J. At the trial the plaintiffs testified that they had examined and checked each of the 19 cases of tiles upon arrival and found 1,200 full tiles